

ELECTRONICALLY FILED
2/15/2011 11:36 AM
CV-2011-900020.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

# IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| LINDA FAYE PRICE, as personal representative of TRAVIS LEE PRICE, deceased, | * * * * |
| Plaintiff, | * * |
| vs. | *     Civil Action No. _____ |
| | * |
| CARACO PHARMACEUTICAL LABORATORIES, LTD.; PREPAK SYSTEMS, INC.; FICTITIOUS PARTY 1, whether one or more, the entity which designed the Digoxin; FICTITIOUS PARTY 2, whether one or more, the entity which manufactured the Digoxin; FICTITIOUS PARTY 3, whether one or more, the entity which assembled the Digoxin; FICTITIOUS PARTY 4, whether one or more, the entity which distributed the Digoxin; FICTITIOUS PARTY 5, whether one or more, the entity which sold the Digoxin; FICTITIOUS PARTY 6, whether one or more, the entity which packaged the Digoxin; FICTITIOUS PARTY 7, whether one or more, the entity which placed the Digoxin into the stream of commerce; FICTITIOUS PARTY 8, whether one or more, the entity which designed, manufactured, assembled, | * * * * * * * * * * * * * * * * * * * * * * * * |

1

distributed, sold, packaged, or placed *
into the stream of commerce any        *
component of the Digoxin               *
FICTITIOUS PARTY 9, whether one *
or more, the subsidiary or related     *
company of any of the above parties; *
FICTITIOSU PARTY 10, whether   *
one or more, the entity which is the   *
predecessor in interest of any of the  *
above parties; and                     *
FICTITIOUS PARTY 11, whether   *
one or more, the entity which is the   *
successor in interest of any of the    *
above parties;                         *
                                       *
   Defendants.                         *

# COMPLAINT

## FACTS

1. Travis Lee Price ("Travis Price" or "Travis") had been taking oral Digoxin as prescribed since 2007; his prescriptions were refilled periodically by the Department of Veterans Affairs.

2. Caraco Pharmaceutical Laboratories, Ltd. ("Caraco") designed, manufactured, assembled, distributed, sold, packaged and/or otherwise placed into the stream of commerce the Digoxin medication taken by Travis Price.

3. PrePak Systems, Inc. ("PrePak") designed, manufactured, assembled, distributed, sold, packaged and/or otherwise placed into the stream of commerce the Digoxin medication taken by Travis Price.

2

4. Fictitious Parties 1-11 designed, manufactured, assembled, distributed, sold, packaged and/or otherwise placed into the stream of commerce the Digoxin medication taken by Travis Price.

5. After one of the prescriptions was refilled in late 2008, Linda Faye Price ("Faye Price"), who was Travis's wife, began to notice Travis suffering from symptoms that she later learned were consistent with Digoxin toxicity.

6. On February 26, 2009, Travis died.

7. Digoxin toxicity caused and/or contributed to his death.

8. On March 31, 2009, Caraco announced a nationwide recall of all lots of Digoxin tablets due to size variability.

9. On April 10, 2009, Faye Price received a letter from the Department of Veterans Affairs notifying her now deceased husband of the recall.

10. At the time of Travis's death and for years before, Caraco, PrePak and/or Fictitious Parties 1-11 were manufacturers and/or distributors/sellers of the Digoxin medication, and regularly in the business of selling Digoxin medication, including the medication like that taken by Travis Price, and others.

11. There was no substantial change to the Digoxin medication that Travis was taking, from the time it left the possession of Caraco, PrePak and/or Fictitious Parties 1-11 until it reached Travis, the ultimate user or consumer.

12. There were safer and practical alternative designs and/or methods of manufacture or packaging that Caraco, PrePak and/or Fictitious Parties 1-11 could have used at the time the Digoxin medication was manufactured.

13. The Digoxin medication was dangerous when used as intended.

14. Caraco, PrePak and/or Fictitious Parties 1-11 knew or should have known that the Digoxin medication could create danger when used as intended in its customary manner.

15. Caraco, PrePak and/or Fictitious Parties 1-11 had no reason to believe that the foreseeable user; in this case, Travis Price; would know of the dangerous condition of the Digoxin medication.

16. Caraco, PrePak and/or Fictitious Parties 1-11 had reason to know the particular purpose for which the Digoxin medication was purchased and used, specifically to be taken as prescribed to treat heart conditions.

17. Caraco, PrePak and/or Fictitious Parties 1-11 knew that the purchasers and users of the product were relying on the skill or judgment of Caraco, PrePak and/or Fictitious Parties 1-11 to select or provide suitable Digoxin medication.

18. When Travis was taking it, the Digoxin medication did not perform as designed and intended.

19.    As a proximate result of the condition of the Digoxin medication, Travis Price was caused to suffer physical injuries, specifically including Digoxin toxicity, which caused and/or contributed to his death.

## COUNT ONE-AEMLD CLAIMS

20.    Caraco, PrePak and/or Fictitious Parties 1-11 designed, manufactured, assembled, distributed, installed, sold, packaged and/or otherwise placed into the stream of commerce the Digoxin medication taken by Travis Price, the ultimate user or consumer; therefore, Caraco, PrePak and/or Fictitious Parties 1-11 had a duty to make sure that the Digoxin medication was not defective and unreasonably dangerous as defined under the Alabama Extended Manufacturers Liability Doctrine.

21.    The Digoxin medication was defective and unreasonably dangerous in that it did not meet the reasonable expectations of the ordinary consumer as to safety as defined under the Alabama Extended Manufacturers Liability Doctrine.

22.    The defective and unreasonably dangerous condition of the Digoxin medication combined and concurred with the actions of the other defendants to proximately cause and/or contribute to the death of Travis Price.

WHEREFORE, Faye Price makes a request for a verdict against Caraco, PrePak and/or Fictitious Parties 1-11 in an amount sufficient to preserve human

life, to punish Caraco, PrePak and/or Fictitious Parties 1-11 for their wrongful conduct, and to deter or discourage Caraco, PrePak and/or Fictitious Parties 1-11 from doing the same or similar wrongs in the future. Further, Faye Price requests that the Court enter judgment consistent with the verdict.

## COUNT TWO-NEGLIGENCE

23. Caraco, PrePak and/or Fictitious Parties 1-11 owed a duty to exercise reasonable care in the design, manufacture, assembly, installation, distribution, packaging and/or sale of the Digoxin medication so that it would be reasonably safe for its normal use.

24. Caraco, PrePak and/or Fictitious Parties 1-11 negligently breached that duty.

25. That negligence combined and concurred with the actions of the other defendants to proximately cause and/or contribute to the death of Travis Price.

WHEREFORE, Faye Price makes a request for a verdict against Caraco, PrePak and/or Fictitious Parties 1-11 in an amount sufficient to preserve human life, to punish Caraco, PrePak and/or Fictitious Parties 1-11 for their wrongful conduct, and to deter or discourage Caraco, PrePak and/or Fictitious Parties 1-11 from doing the same or similar wrongs in the future. Further, Faye Price requests that the Court enter judgment consistent with the verdict.

## COUNT THREE-WANTONNESS

26. Caraco, PrePak and/or Fictitious Parties 1-11 owed a duty to exercise reasonable care the design, manufacture, assembly, installation, distribution, packaging and/or sale of the Digoxin medication so that it would be reasonably safe for its normal use.

27. Caraco, PrePak and/or Fictitious Parties 1-11 wantonly breached that duty.

28. That wantonness combined and concurred with the actions of the other defendants to proximately cause and/or contribute to the death of Travis Price.

WHEREFORE, Faye Price makes a request for a verdict against Caraco, PrePak and/or Fictitious Parties 1-11 in an amount sufficient to preserve human life, to punish Caraco, PrePak and/or Fictitious Parties 1-11 for their wrongful conduct, and to deter or discourage Caraco, PrePak and/or Fictitious Parties 1-11 from doing the same or similar wrongs in the future. Further, Faye Price requests that the Court enter judgment consistent with the verdict.

## COUNT FOUR-BREACH OF WARRANTIES

29. Caraco, PrePak and/or Fictitious Parties 1-11 made statements of fact about the Digoxin medication, made promises about its performance, and

described the product in certain ways. Further, Caraco, PrePak and/or Fictitious Parties 1-11 implied that the medication was suitable for the particular purpose of taking as prescribed to treat heart conditions and that the medication was fit for the ordinary purposes for which it was used, which is taking as prescribed to treat heart conditions.

30. The Digoxin medication did not conform to the express and implied warranties made by Caraco, PrePak and/or Fictitious Parties 1-11; and more specifically, the medication was not fit for the particular purpose for which it was bought and was not suitable for the ordinary purpose for which it was used.

31. Those breaches of promises and warranties combined and concurred with the actions of the other defendants to proximately cause and/or contribute to the death of Travis Price.

WHEREFORE, Faye Price makes a request for a verdict against Caraco, PrePak and/or Fictitious Parties 1-11 in an amount sufficient to preserve human life, to punish Caraco, PrePak and/or Fictitious Parties 1-11 for their wrongful conduct, and to deter or discourage Caraco, PrePak and/or Fictitious Parties 1-11 from doing the same or similar wrongs in the future. Further, Faye Price requests that the Court enter judgment consistent with the verdict.

Respectfully submitted,

*s/Rip Andrews*
RIP ANDREWS (AND100)
MARSH, RICKARD & BRYAN
800 Shades Creek Parkway, Suite
Suite 600-D
Birmingham, Alabama   35209
e-mail: ripandrews@mrblaw.com

## JURY DEMAND

Faye Price requests a trial by struck jury.

*s/Rip Andrews*
RIP ANDREWS (AND100)
Attorney for Plaintiff

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

CARACO PHARMACEUTICAL LABORATORIES, LTD.
1150 Elijah McCoy Drive
Detroit, MI 48202

PREPAK SYSTEMS, INC.
1920 Fisk Road
Cookeville, TN 38506